UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY REYNA, et al., | Case No.  26-cv-00464-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| 23ANDME, INC., et al., | |
| Defendants. | Docket Nos. 4, 7, 8-10 |

Plaintiffs Joseph Anthony Reyna and C.R., proceeding pro se, have filed suit against Defendants 23andMe, Inc. and Regeneron Pharmaceuticals, Inc.  In their complaint, Plaintiffs allege that their private genomic data has been or is at risk of being exposed because of a data breach suffered by 23andMe in October 2023.  *See* Compl. ¶ 17.  Plaintiffs indicate that Regeneron is also liable because it is the "successor-in-interest to genomic assets derived from 23andMe datasets."  Compl. ¶ 14.  Now pending before the Court are a number of motions filed by Plaintiffs, including but not limited to a motion for a temporary restraining order ("TRO").  The Court's rulings on each of the motions is provided below.

## I.    DISCUSSION

A.    Motion for TRO and Preliminary Injunction (Docket No. 7)

In their motion for a TRO and/or preliminary injunction, Plaintiffs primarily seek an order enjoining Defendants from selling, transferring, or otherwise commercializing "Plaintiffs' inferred genomic profiles or derivative models attributable to Plaintiffs."  Mot. at 5.  The motion is **DENIED** for several reasons.

First, it appears that 23andMe is still in bankruptcy proceedings which means that any

United States District Court
Northern District of California

litigation against it would be subject to a stay. *See* 11 U.S.C. § 362. While Regeneron is not itself in bankruptcy, § 362 states that the automatic bankruptcy stay extends to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," *id.* § 362(a)(3), and Regeneron has an interest in the property of the estate as the alleged acquirer of 23andMe's assets. Even if not entitled to the benefit of the automatic stay, Regeneron's interest would counsel in favor of a discretionary stay of the proceedings in the case at bar.

Second, Plaintiffs do not appear to have given notice of this motion to either Defendant, nor have they explained why they could not give Defendants such notice. The Court acknowledges that Plaintiffs will soon be filing applications to proceed in forma pauperis ("IFP"). If the Court grants Mr. Reyna's renewed application and C.R.'s separate application, then the U.S. Marshals Office will serve the complaint on Defendants. However, that prospect does not relieve Plaintiffs of the responsibility to give notice of the motion for a TRO to Defendants.

Third, even if the Court were to put the issue of notice aside, Plaintiffs have failed to show that they are likely to suffer irreparable injury (*i.e.*, without issuance of a TRO or preliminary injunction). *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (stating that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest"). Plaintiffs have submitted no evidence indicating that their personal information will or will likely be sold, transferred, or commercialized.

Finally, Plaintiffs have failed to show a likelihood of success on the merits, or even serious questions on the merits. *See Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (holding that, in the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met"). Plaintiffs expressly state in their complaint that they are not customers of 23andMe. *See* Compl. ¶ 16 (alleging that Plaintiffs do not have an account or contract with 23andMe). That being the case, it is not clear how

2

23andMe had any personal information belonging to Plaintiffs in its possession, custody, or control. Plaintiffs seem to suggest that 23andMe obtained personal information about them because "[a] close relative submitted a saliva kit to 23andMe using default 'DNA Relatives' settings." Compl. ¶ 15; *see also* Compl. ¶ 16 ("Through identity-by-descent and kinship inference algorithms, Defendants generated relationship graphs and shared-DNA metrics mathematically revealing approximately 50% of Plaintiffs' SNPs, despite Plaintiffs having no account or contract with 23andMe.") (emphasis omitted). But Plaintiffs have not made any allegations, let alone provided any evidence, that the DNA Relatives service or feature could reveal any information about them simply because their relative was a customer of 23andMe.

Accordingly, the Court denies Plaintiffs' motion for a TRO. Their request for a preliminary injunction is likewise denied, but without prejudice.

B.    Motion for Preservation Order (Docket No. 4)

Plaintiffs also move the Court for entry of a preservation order. *See* Mot. at 3 (arguing that, "[a]bsent court-ordered preservation, relevant information may be irreversibly altered or lost through routine business activity"). The motion is **DENIED** without prejudice. Since Defendants have not yet been served or otherwise made an appearance, the issuance of an order is essentially premature. There is also no evidence that, even if Defendants have already anticipated this lawsuit by Plaintiffs, Defendants are not complying with their litigation responsibilities, obligations, and duties.

C.    Motion re Sealing (Docket No. 8)

Plaintiffs have further filed a motion related to sealing. Plaintiffs expressly state that they are not asking that any material be sealed now. However, they seek guidance on "potentially sealable materials not presently in Plaintiffs' possession." Mot. at 2. Plaintiffs' motion is **DENIED** without prejudice. It is premature. If, in the future, Plaintiffs believe that information is confidential, they may ask the Court to seal that information.

D.    Motion to Expedite Discovery (Docket No. 9)

Plaintiffs ask that the Court permit discovery before the parties' Rule 26(f) conference. According to Plaintiffs, expedited discovery is needed to preserve evidence and to support their

motion for a preliminary injunction.  The motion is **DENIED** without prejudice.  It is premature given that Defendants have not yet been served or made an appearance in this case.

E.    Motion to Proceed Under Pseudonym (Docket No. 10)

As noted above, there are two plaintiffs in this case: Mr. Reyna and C.R.  Only C.R. seeks to proceed using a pseudonym.  The motion is **DENIED** without prejudice.  C.R. has not sufficiently explained why their identity should not be disclosed to the public.  For example, C.R. has not explained why their privacy interests cannot be maintained so long as their genomic information is maintained as confidential.  Nor has C.R. explained why the privacy interests of persons to whom they are related would be compromised if C.R.'s identity alone is disclosed.

The Court shall permit C.R. – if they so choose – to file a supplemental brief addressing why they should be permitted to proceed using a pseudonym.  By February 4, 2026, C.R. shall file *either* (1) this supplemental brief *or* (2) a statement stating that they are now willing to proceed under their full name and disclosing what that name is.  If C.R. does not file (1) or (2) by the deadline stated above, then they risk having their claims dismissed based on a failure to prosecute.

## II.    CONCLUSION

Plaintiffs' motion for a TRO is denied.  Their motion for a preliminary injunction is also denied, but without prejudice.  Plaintiffs' remaining motions are also denied without prejudice.  As discussed above, if C.R. still wishes to proceed under a pseudonym, then they must file a supplemental brief by February 4, 2026.

This order disposes of Docket No. 7.  It also disposes of Docket Nos. 4 and 8-10.

**IT IS SO ORDERED**.

Dated: January 21, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4