1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    JOSEPH ANTHONY REYNA, et al.,              Case No.  26-cv-00464-EMC

8                    Plaintiffs,

9         v.                                    **ORDER FINDING MOOT
                                                PLAINTIFFS' ADMINISTRATIVE
10   23ANDME, INC., et al.,                     MOTION TO RELATE; DENYING
                                                PLAINTIFF'S RENEWED MOTION
11                   Defendants.                FOR ENTRY OF LIMITED
                                                PRESERVATION ORDER; AND
12                                              DISMISSING C.R.**

13                                              Docket Nos. 6, 22

14

15         Currently pending before the Court are (1) Plaintiffs' administrative motion to relate and

16   (2) Mr. Reyna's[1] renewed motion for entry of a limited preservation order.  There are also two

17   open matters that the Court addresses in this order – one related to (3) C.R.'s motion to proceed

18   anonymously and one related to (4) Plaintiffs' applications to proceed in forma pauperis ("IFP").

19   The Court each of these matters below.

20   A.    Plaintiffs' Motion to Relate (Docket No. 6)

21         In this motion, Plaintiffs ask that their case be related to *In re 23andMe, Inc. Customer

22   Data Security Breach Litigation*, No. 24-md-3098 EMC, a case over which the undersigned

23   presides.  The motion to relate is moot.  Plaintiffs' case has already been coordinated and assigned

24   to the undersigned.

25   B.    Plaintiffs' Renewed Motion for Limited Preservation Order (Docket No. 22)

26         Previously, the Court denied without prejudice Plaintiffs' motion for a preservation order.

27   _____

28   [1] As discussed below, it appears that the other named plaintiff in the case ("C.R.") is not
     continuing with litigation.

1    It explained: "Since Defendants have not yet been served or otherwise made an appearance, the

2    issuance of an order is essentially premature.  There is also no evidence that, even if Defendants

3    have already anticipated this lawsuit by Plaintiffs, Defendants are not complying with their

4    litigation responsibilities, obligations, and duties."  Docket No. 19 (Order at 3).

5         Mr. Reyna now moves for a limited preservation order.  In his motion, he asserts that, on

6    two different occasions in June 2025, he gave notice to Defendants that there was "unauthorized

7    inference [sic]" and asked that "any inferred or relational data associated with [him]" be deleted.

8    Mot. at 3.  He also claims that Defendants received actual notice because they thereafter

9    communicated with him.  *See* Mot. at 4.  According to Mr. Reyna, Defendants should have

10   anticipated litigation as of June 2025 when they received notice, and he now needs a preservation

11   order to "prevent routine loss of evidence whose absence would permanently foreclose meaningful

12   adjudication of standing, traceability, and redressability."  Mot. at 2.  The evidence that Mr. Reyna

13   fears would be lost is data associated with himself, in particular, evidence reflecting whether

14   "Plaintiff-associated inferred records data were accessed, retained, deleted, or transferred."  Mot.

15   at 6.

16        The renewed motion for a preservation order is **DENIED**.  The Court's statements in its

17   prior order remain true – *i.e.*, issuance of an order is premature given that Defendants have not yet

18   been served or otherwise made an appearance.  Furthermore, even if Defendants were notified of a

19   dispute with Mr. Reyna in June 2025, there is no indication that they have not complied with any

20   applicable legal responsibilities, obligations, and duties.  *See, e.g.*, *Fishman v. Tiger Nat. Gas,*

21   *Inc.*, No. C 17-05351 WHA, 2018 U.S. Dist. LEXIS 198067, at *9 (N.D. Cal. Nov. 20, 2018)

22   (stating that "'[m]any court decisions hold that potential litigants have a duty to preserve relevant

23   information when litigation is reasonably foreseeable[;] Rule 37(e) is based on this common-law

24   duty'"); Fed. R. Civ. P. 37(e) (allowing a court to take measures "[i]f electronically stored

25   information that should have been preserved in the anticipation or conduct of litigation is lost

26   because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced

27   through additional discovery").  Finally, as discussed below, 23andMe is still in bankruptcy

28   proceedings which counsels against any relief.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  C.      C.R.'s Motion to Proceed Anonymously

2          In its prior order, the Court denied without prejudice C.R.'s motion to proceed

3  anonymously.  It gave C.R. until February 4, 2026 to file either (1) a brief explaining why they

4  should be permitted to proceed anonymously or (2) a statement stating that they are willing to

5  proceed under their full name and providing that name.  The Court expressly warned C.R. that a

6  failure to file either (1) or (2) could lead to a dismissal of their claims based on a failure to

7  prosecute.  *See* Docket No. 19 (Order at 4).

8          C.R. did not make any filing by the deadline of February 4.  And in papers filed by Mr.

9  Reyna, it appears that C.R. has now made the decision not to proceed with this litigation.  *See*

10  Docket No. 22 (Mot. at 3) ("Plaintiff has resolved all procedural issues identified by the Court,

11  including removal of a co-plaintiff whose identity status was at issue.").  In light of these

12  circumstances, the Court hereby **DISMISSES** without prejudice all claims asserted by C.R. on the

13  basis of failure to prosecute.

14  D.      Applications to Proceed In Forma Pauperis ("IFP")

15          Before this case was reassigned to the undersigned, Judge DeMarchi was the presiding

16  judge.  She issued an order in which she noted that, although both Mr. Reyna and C.R. appeared to

17  seek waiver of the required filing fee, only Mr. Reyna had filed an application to proceed IFP.

18  She also noted that, "[a]lthough only one filing fee is required to be paid per case, if both Mr.

19  Reyna and C.R. seek to proceed in this action without payment of the filing fee, each of them must

20  submit separate IFP applications."  Docket No. 14 (Order at 1).  Judge DeMarchi then deferred

21  decision on whether Mr. Reyna and C.R. could proceed IFP "until after separate IFP applications

22  are filled out and signed by Mr. Reyna and C.R."  Docket No. 14 (Order at 1).

23          As noted above, C.R. no longer is proceeding with this lawsuit.  Therefore, no IFP

24  application is needed from C.R.  Given these circumstances, the Court does not need a new IFP

25  application from Mr. Reyna and can evaluate the one he filed back on January 15, 2026.  *See*

26  Docket No. 2 (IFP application).

27          Based on the information provided by Mr. Reyna, the Court finds that he financially

28  qualifies for IFP status and thus **GRANTS** his application.  And because Mr. Reyna is now

United States District Court
Northern District of California

1  proceeding IFP, the Court would ordinarily review his complaint pursuant to 28 U.S.C. § 1915(e).

2  Under § 1915(e), dismissal of a case is warranted if, *e.g.*, the action is frivolous or fails to state a

3  claim on which relief may be granted.

4      The Court, however, shall not undertake the required § 1915(e) review at this juncture

5  because 23andMe is still in bankruptcy proceedings.  This means that proceedings in this case are

6  subject to a stay.  *See* Docket No. 19 (Order at 1-2) (citing 11 U.S.C. § 362).  Once 23andMe is no

7  longer in bankruptcy, then Mr. Reyna may move the Court to review his complaint under §

8  1915(e).[2]  As a placeholder, the Court orders Mr. Reyna to file by May 12, 2026, a status report

9  that updates the Court as to whether the bankruptcy proceedings involving 23andMe have been

10  resolved.

11      This order disposes of Docket Nos. 6 and 22.

12

13      **IT IS SO ORDERED**.

14

15  Dated: February 12, 2026

16

17  _____

18  EDWARD M. CHEN
   United States District Judge

19

20

21

22

23

24

25

26

27  [2] In its order denying a TRO, the Court indicated that Mr. Reyna was not likely to succeed on the merits of his case: Mr. Reyna is not a customer of 23andMe and he failed to explain how the data breach therefore revealed private or confidential information about himself.  *See* Docket No. 19 (Order at 2-3).

28

4